# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINICK BROWN and : | |
| CYNTHIA BROWN POWELL, : | |
|    Plaintiffs, : | CIVIL ACTION |
| : | |
|    v. : | NO. 08-1528 |
| : | |
| MODELL'S PA II, INC., : | |
|    Defendant. : | |

## Memorandum and Order

YOHN, J.                                                                                                                     June ____, 2008

      Plaintiffs Dominick Brown and Cynthia Brown Powell have filed two motions to remand their personal injury lawsuit against defendant Modell's PA II, Inc. Plaintiffs also seek costs and attorney fees associated with the removal. For the reasons discussed herein, the motions to remand will be denied.

**I.     Factual and Procedural Background**

      The events underlying this lawsuit occurred on October 3, 2005, when Mr. Brown tripped and fell over a bag or display item sitting on the floor of a store owned and operated by the defendant. (*See* Compl. ¶ 17.) Plaintiffs filed this lawsuit on September 25, 2007 in the Court of Common Pleas of Philadelphia County, asserting claims for negligence and loss of consortium.[1] Plaintiffs sought relief "in an amount in excess of Fifty Thousand ($50,000.00) Dollars."

---

[1] Plaintiffs originally named Modell's, Inc.; Modell's Sporting Goods, Inc.; and United Corporate Services, Inc. d/b/a or t/a Modell's PA II, Inc., d/b/a/ or t/a Modell's Holding Corp., Inc. as the defendants in this lawsuit. By a stipulation dated November 1, 2007, plaintiffs substituted Modell's PA II, Inc. as the sole defendant.

1

(Compl. *ad damnum* clauses, at 4, 6, 8, 9.)  Plaintiffs served defendant on September 28, 2007, and pretrial proceedings began.  On January 30, 2008, defendant served plaintiffs' counsel with its first request for admissions.  Defendant requested, inter alia, that plaintiffs admit or deny that:

> 1. Plaintiff Dominick Brown is seeking in excess of $75,000.00 in total damages from Defendant, exclusive of interest and costs.
>
> . . . .
>
> 2. Plaintiff Cynthia Brown Powell is seeking in excess of $75,000.00 in total damages from Defendant, exclusive of interest and costs.

(Def.'s Opp'n to Pl.'s Mot. to Remand Ex. A, at 3.)  Plaintiffs' responses to these requests for admissions were due on February 29, 2008.  Plaintiffs did not respond and did not request an extension of time to respond.  Defendant subsequently deemed the amount in controversy for federal diversity jurisdiction admitted under Pennsylvania Rule of Civil Procedure 4014.[2]  It filed its notice of removal under 28 U.S.C. § 1441(a) on Monday, March 31, 2008, asserting that removal was proper based on the court's jurisdiction under 28 U.S.C. § 1332 because there is complete diversity and the defendants now had notice that the amount in controversy exceeded $75,000.[3]

---

[2] Rule 4014(a) allows a party to serve "any other party a written request for the admission, for purposes of the pending action only, of the truth of" certain matters, including the amount of damages sought.  Under Rule 4014(b), the matter requested "is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by his attorney."  Thus, because plaintiffs did not provide an answer or objection within thirty days of service of defendant's request, they admitted that they were seeking damages in excess of $75,000.

[3] The complaint alleged that plaintiffs are citizens of Pennsylvania and that defendant is a Pennsylvania corporation.  In the notice of removal, defendant asserted that it is a Delaware corporation with a principal place of business in New York.

Plaintiffs filed their first motion to remand on April 9, 2008, and defendant filed a response in opposition to the motion on April 28, 2008. Plaintiffs then filed a second motion to remand on May 1, 2008, and defendant filed another response in opposition on May 19, 2008.

## II.     Plaintiffs' First Motion to Remand

Plaintiffs concede that subject matter jurisdiction is proper under 28 U.S.C. § 1332. They argue, however, that removal was not proper because it was untimely. The time requirements for filing a notice of removal are set forth by statute:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Under this language, if the initial pleading in this case—the complaint—provided adequate notice of the amount in controversy, then the first paragraph of § 1446(b) applies here and removal was not timely. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221 (3d Cir. 2005). If the complaint did not provide adequate notice that the case was removable, then the second paragraph applies. Under the second paragraph, if the request for admissions is an "other paper" as used in the statute, removal was timely. *See id.*

Plaintiffs assert that because the complaint alleged ongoing medical expenses, permanent injuries, loss of earning capacity, and a claim for loss of consortium, a reasonable reading of the

3

complaint shows that defendant was on notice that they sought damages in excess of $75,000.[4] Thus, plaintiffs conclude, the case was removable when the complaint was filed, and defendant's removal was untimely under § 1446(b) because it was not filed within thirty days of defendant receiving the complaint.

Defendant argues that the complaint was full of boilerplate allegations and only contained a general assertion that plaintiffs sought damages in excess of $50,000, which is what they needed to plead in order to avoid mandatory arbitration in the state court. Defendant contends that on the basis of the vague allegations in the complaint, it was not able to ascertain that plaintiffs sought more than $75,000 in damages. Defendant further contends that it was not able to ascertain whether the case was removable until plaintiffs failed to respond to the request for admissions and that removal was timely because the notice was filed within thirty days of plaintiffs' default admissions that they were seeking an excess of $75,000 in damages.

The Third Circuit has cautioned that when analyzing whether estimates from a complaint offer notice that the requisite $75,000 amount in controversy is met, "estimations of the amounts recoverable must be realistic." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d

---

[4] The complaint specifically alleged that as a result of the injuries Mr. Brown sustained while on defendant's property, he had to visit to the emergency room, which resulted in a diagnosis that he had "aggravated a lumbar-sacral condition" and required two surgeries to treat. The complaint also alleged that Mr. Brown sustained injuries to his hand and wrist; had multiple bruises and contusions in and about the hand; exacerbated prior and preexisting injuries, which resulted in injury to the muscles, nerves, discs, bones, and ligaments connected thereto; and suffered a shock to the nerves of his right hand and nervous system. (*See* Compl. ¶¶ 11, 16, 21.) The complaint further alleged that as a result of his injuries, Mr. Brown had to "expend various and diverse sums of money for hospitalization, medical treatment, medicines and care"; that he would have to make said expenditures for an indefinite amount of time; and that he had lost wages and would continue to lose wages for an indefinite amount of time. (*Id.* ¶¶ 12-13, 17-18, 22-23.) Additionally, Ms. Brown Powell asserted damages for loss of consortium. (*Id.* ¶ 25.)

Cir. 2004). Furthermore, the inquiry into whether the amount is met "should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.* Here, plaintiffs' complaint included allegations of apparently serious medical injuries, but it did not include any monetary amount of damages other than damages "in excess of $50,000." These allegations were not enough for defendant to conduct an objective calculation of damages and did not put defendants on notice that the $75,000 amount in controversy requirement had been met. Thus, the case was not removable on the basis of the complaint. *Accord Admiral Paycheck Servs., Inc. v. Paychex, Inc.*, No. 07-0066, 2007 WL 2670287 (W.D. Pa. Sept. 7, 2007) (finding that complaint which alleged injuries due to loss of integrity and reputation, loss of business, and impairment of future earning capacity but only specified that relief sought was in excess of $25,000 did not put defendant on notice that $75,000 amount in controversy requirement was met); *Marchiori v. Vanguard Car Rental USA, Inc.*, No. 05-5685, 2006 WL 724445 (E.D. Pa. Mar. 17, 2006) (finding that complaint which alleged serious medical injuries but only specified that relief sought was in excess of $50,000 did not put defendant on notice that $75,000 amount in controversy requirement was met).

      Because the case was not removable on the basis of the complaint, the issue is whether the first request for admissions is an "other paper" under § 1446(b) and whether it properly put defendants on notice that the case was removable. The Third Circuit has not defined "other paper" as it is used in the removal statute. However, other courts in this district have concluded that requests for admissions qualify as an "other paper" because the phrase is an inclusive phrase that covers a wide array of documents. *See Punzak v. Allstate Ins. Co.*, No. 07-1052, 2007 WL

1166087, at *4 & n.5 (E.D. Pa. Apr. 16, 2007); *Marchiori*, 2006 WL 724445, at *2; *see also* 14C Charles Alan Wright et al. *Federal Practice and Procedure* § 3732 (3d ed. 1998). Based on this reasoning, I agree with the conclusion that requests for admissions qualify as an "other paper." Plaintiffs' admission that there was an excess of $75,000 in controversy, through their failure to deny the request for admissions by February 29, 2008, gave defendant actual notice that the amount in controversy requirement was met and the case was removable. Because defendant filed its notice of removal within thirty days of discovering that the case was removable, the notice of removal was timely. Plaintiffs' first motion to remand will therefore be denied.

**III.     Plaintiffs' Second Motion to Remand**

Plaintiffs filed their second motion to remand on May 1, 2008, thirty-one days after defendant filed its notice of removal.[5] Plaintiffs' second motion to remand is based on an alleged procedural defect—they argue that defendant did not timely file the notice of removal because it knew the case was removable on December 20, 2007 when it received a copy of the case management report. A motion to remand the case based on "any defect other than lack of subject

---

[5] The second motion was filed as a new motion, contains a new factual argument as to why removal was not proper, and does not address the arguments set forth by defendant in its opposition to plaintiffs' first motion. Thus, it is a separate motion and not merely a reply to defendant's opposition. Furthermore, even if it were a reply, it inappropriately seeks to raise a new issue that was not raised in the first brief. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . ." (internal quotation marks and citations omitted)); *United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." (citations omitted)).
    The court notes that the second motion is also incomplete because it was not accompanied by a statement of the legal authorities that support plaintiffs' motion. Under Local Rule of Civil Procedure 7.1(c), "Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."

matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Thus, a district court cannot consider and grant a motion for remand based on a procedural defect if the motion was filed after the thirty-day period.  *See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003) (concluding that the district court "did not have the power to remand for a procedural defect once the 30-day statutory period lapsed"); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450 (3d Cir. 2000) (concluding that the district court "had no statutory authority to issue [a *sua sponte*] remand order after the 30-day period because the defect was in the removal procedure rather than a lack of subject matter jurisdiction").  Because plaintiffs' supplemental motion to remand was filed after the thirty-day deadline imposed by § 1447(c), it will be denied as untimely.

   Plaintiffs are not entitled to costs and attorney fees associated with removal because their motions to remand will be denied.  *See* § 1447(c).

   An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINICK BROWN and : | |
| CYNTHIA BROWN POWELL, : | |
|   Plaintiffs, : | CIVIL ACTION |
| : | |
|     v. : | NO. 08-1528 |
| : | |
| MODELL'S PA II, INC., : | |
|   Defendant. : | |

## Order

AND NOW on this _____ day of June 2008, upon careful consideration of plaintiffs' motion for remand (Doc. No. 5) and defendant's response thereto, IT IS HEREBY ORDERED that plaintiffs' motion for remand is DENIED.

IT IS FURTHER ORDERED THAT plaintiffs' supplemental motion for remand (Doc. No. 8) is DENIED because it is untimely under 28 U.S.C. § 1447(c).

                                                           s/ William H. Yohn Jr.
                                                        William H. Yohn Jr., Judge